463–64 (5th Cir.2005). It is unclear that the district court would have imposed the same sentence had the Guidelines been advisory only. As such, the Government cannot meet its burden. *See id.* at 464.

Accordingly, we vacate Garcia–Gomez's sentence and remand the case for resentencing.[1]

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

## Tamra STEWARD; Billy R. Steward, Plaintiffs–Appellants,

### v.

## P O INVESTMENTS INC.; United States of America, Defendants–Appellees.

### No. 05–30936.

United States Court of Appeals, Fifth Circuit.

July 18, 2006.

Donald J. Anzelmo, Crawford & Anzelmo, Monroe, LA, for Plaintiffs–Appellants.

Nelson W. Wagar, III, Bradley Joseph Luminais, Jr., Chopin Wagar Richard & Kutcher, Metairie, LA, Janice E. Hebert,

Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Defendants–Appellees.

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

## UNITED STATES of America, Plaintiff–Appellee,

### v.

## Jay Alan BRAMLETT, Defendant–Appellant.

### No. 04–20367
### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 18, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

1. Garcia–Gomez also contends that an error under *Booker* is structural because it affected the entire framework within which his sentencing proceeded. We have previously rejected this argument. *See United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 194, 163 L.Ed.2d 209 (2005).

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.